1  H. JOSEPH ESCHER III (No. 85551)
   h.joseph.escher@dechert.com
2  DECHERT LLP
   One Maritime Plaza
3  Suite 2300
   San Francisco, California  94111-3513
4  Telephone:   415.262.4500
   Facsimile:    415.262.4555
5
   Attorneys for Defendants
6  FNX LIMITED and FARID NAIB

7

8             UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10

| 11 | FINANCIAL TECHNOLOGY PARTNERS L.P. a Delaware Limited Partnership, | CASE NO. C 07 1298 JWS |
|---|---|---|
| 12 | | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES** |
| 13 | Plaintiff, | |
| 14 | v. | (Fed. R. Civ. P. 12(b)(6)) |
| 15 | FNX LIMITED., a Pennsylvania corporation, FARID NAIB, an individual, and DOES 1-10, | Date:   April 27, 2007<br>Time:   9:00 a.m. |
| 16 | | Dep't:  2 |
| 17 | Defendants. | Judge:  Jeffrey S. White |

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 27, 2007, in Courtroom 2 of the above-titled United States District Court, at 9:00 a.m. or as soon thereafter as the matter may be heard, before the Honorable Jeffrey S. White, Defendants FNX Limited ("FNX") and Farid Naib, will, and hereby do, move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing plaintiff Financial Technology Partners' ("plaintiff") claims for declaratory relief and breach of the implied covenant of good faith and fair dealing.

# MEMORANDUM OF POINTS AND AUTHORITIES

# INTRODUCTION

Nearly five years ago, plaintiff and FNX executed an agreement for financial and strategic advice (the "Advisory Agreement"). The Advisory Agreement entitled plaintiff to a fee if FNX entered into a qualifying transaction within a year after termination of the Advisory Agreement. FNX terminated the Advisory Agreement in March of 2004. Complaint ¶¶ 17-18. Plaintiff's claim for declaratory relief depends entirely upon an interpretation of the Advisory Agreement as entitling plaintiff to a fee in the event that FNX is sold, regardless of how long after termination of the Advisory Agreement the sale occurs. The express language of the Advisory Agreement does not support this interpretation and the fourth cause of action, which claims entitlement to fees for a now-completed transaction between GL Trade and FNX, should be dismissed without leave to amend. Plaintiff's third claim, for breach of the implied covenant of good faith and fair dealing, also fails because it is entirely duplicative of plaintiff's breach of contract and guaranty claims. To the extent that plaintiff's third claim seeks to impose obligations not provided for in the Advisory Agreement, it is legally insufficient.

# ALLEGATIONS OF THE COMPLAINT

In September 2002, FNX engaged plaintiff as a "financial and strategic advisor in connection with the possible sale of all or a portion of [FNX]." *See* Complaint ¶ 9; Ex. 1

1 at 1.[1]  The Advisory Agreement provided that it could be terminated by either party with
2 or without cause at any time.  *See* Complaint Ex. 1 at 3.  The Advisory Agreement
3 contains a "tail" provision entitling plaintiff to a fee if a transaction that would otherwise
4 qualify for a fee occurs within a year of termination of the Advisory Agreement.  *Id.*
5 ("[plaintiff] will be entitled to the applicable transaction success fee set forth above in the
6 event that at any time prior to the expiration of one year after such termination an
7 agreement is entered into with respect to a sale of all or a portion of the stock or assets of
8 the Company which is eventually consummated. . . .")  Despite the clear one year limit in
9 the Advisory Agreement, Plaintiff now alleges that this "tail" provision, as applied to a
10 sale of FNX, does not have any time limitation.  Complaint ¶ 14.

11     Approximately 18 months after execution of the contract, FNX terminated the
12 Advisory Agreement.  Complaint ¶¶ 17-18.  Plaintiff alleges that nearly three and a half
13 years later, GL Trade agreed to acquire FNX and that the sale is expected to close in
14 February of 2007.[2]  Complaint ¶ 26.  Even though the complaint concedes that this
15 transaction will occur over a year after FNX's termination of the Advisory Agreement,
16 plaintiff seeks a declaration that it is entitled to a fee of at least $750,000 based upon its
17 contention that the Advisory Agreement contains an unlimited "tail" period applicable to
18 the sale of FNX.  Complaint ¶¶ 14, 49.

19     Plaintiff also asserts claims for breach of contract, breach of guaranty, and breach
20 of the implied covenant of good faith and fair dealing.  Complaint ¶¶ 31-46.  The breach
21 of contract and breach of guaranty claims allege entitlement to fees and expenses with
22 regard to work performed for two other transactions involving financings for FNX some
23 years ago.  *Id.* ¶¶ 31-40.  The breach of contract, breach of guaranty, and breach of the
24 implied covenant of good faith and fair dealing claims are based upon identical

---

[1] Documents properly submitted with the complaint, such as exhibits, may be considered as part of the complaint for purposes of a Rule 12(b)(6) motion to dismiss.  *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 (9th Cir. 1989).  "[W]hen a written instrument contradicts allegations in a complaint to which it is attached, the exhibit trumps the allegations."  *Thompson v. Illinois Dept. of Prof. Reg.*, 300 F.3d 750, 754 (7th Cir. 2002).
[2] The transaction between GL Trade and FNX closed on or about March 1, 2007.

allegations. *Compare id.* ¶¶ 31-40 *with* ¶¶ 41-46.

## ARGUMENT
## I.

### PLAINTIFF IS NOT ENTITLED TO FEES FOR THE GL TRADE TRANSACTION BECAUSE THE TRANSACTION IS ALLEGED TO HAVE OCCURRED OVER A YEAR AFTER TERMINATION OF THE ADVISORY AGREEMENT.

Plaintiff's claim for declaratory relief is directly contradicted by the clear language of the Advisory Agreement.[3] Plaintiff attempts to convert a provision of the Advisory Agreement which pertains only to the minimum fee for the sale of FNX, into a provision guaranteeing an unlimited "tail" period for the sale of FNX. Complaint ¶ 14. The entire provision that Plaintiff selectively quotes states:

> [Plaintiff's] services may be terminated by you or us at any time with or without cause effective upon receipt of written notice to that effect. [Plaintiff] will be entitled to the applicable transaction success fee set forth above in the event that at any time prior to the expiration of one year after such termination an agreement is entered into with respect to a sale of all or a portion of the stock or assets of [FNX] which is eventually consummated; provided, however, that upon the sale of [FNX] as described herein, the fee paid to [plaintiff] shall never, under any circumstance, including those described in this paragraph, be less than $750,000.

Complaint, Ex. 1 at 3. This "tail" provision expressly limits plaintiff's entitlement to a fee for qualifying transactions accomplished within a year after termination of the Advisory Agreement.

Plaintiff's interpretation misconstrues contract language that is only applicable to

---

[3] When the contract language bars a claim, a motion to dismiss is proper. *Vaillette v. Fireman's Fund Ins. Co.*, 18 Cal. App. 4th 680, 685-86 (1993) (affirming demurrer without leave to amend because the plaintiff's interpretation of a settlement agreement was not supported by the language of the contract); *Marder v. Lopez*, 450 F.3d 445, 449-50 (9th Cir. 2006) (affirming motion to dismiss because plaintiff's claims were barred by the only reasonable interpretation of the contract). The law of Pennsylvania is the same. *See Glassmere Fuel Serv., Inc. v. Clear*, 900 A.2d 398, 401-04 (Pa. Super. Ct. 2005) (affirming demurrer where "the contract terms are clear and unambiguous"); *Realty Group Assoc., Inc. v. Divosevic*, 596 A.2d 880, 882 (Pa. Super Ct. 1991) (affirming demurrer to plaintiff's contract claim for a commission because plaintiff's claim for commission was contrary to the clear and unambiguous language of the contract). At this point in the proceedings, it is unclear whether the Advisory Agreement is governed in accordance with the laws of Pennsylvania or California. It is not necessary for this Court to make this determination now, because the law of California and Pennsylvania reach the identical conclusions on the issues presented by this motion to dismiss.

1  the *amount* of the transaction success fee.  Plaintiff relies upon the language stating that

2  "'provided, however, that upon the sale of the Company as described herein, the fee paid

3  to [plaintiff] shall never, under any circumstance, including those described in this

4  paragraph, be less than $750,000.'"  Complaint ¶ 49.  This language pertains only to the

5  minimum *amount* of the applicable fee for the sale of FNX, if the sale occurs within a year

6  of the termination of the Advisory Agreement.  The clause that the fee shall never be less

7  than $750,000 applies only "upon the sale of the Company as described herein," referring

8  to the prior clause referencing sales of the company that occur within a year of the

9  termination of the Advisory Agreement.  In contrast, the language of the Advisory

10 Agreement explicitly states that plaintiff would only be entitled to a fee if a successful

11 transaction occurred within a year after termination of the Advisory Agreement.  *See* Cal.

12 Civ. Code § 1638 ("The language of a contract is to govern its interpretation, if the

13 language is clear and explicit, and does not involve an absurdity").

## II.

### THE CLAIM FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING IS LEGALLY INSUFFICIENT BECAUSE IT IS MERELY DUPLICATIVE OF THE BREACH OF CONTRACT CLAIM.

17 The claim for breach of the implied covenant of good faith and fair dealing is

18 entirely duplicative of plaintiff's breach of contract claim.  The covenant of good faith and

19 fair dealing "exists merely to prevent one contracting party from unfairly frustrating the

20 other party's right to receive the *benefits of the agreement actually made*."  *Guz v. Bechtel*

21 *Nat'l, Inc.*, 24 Cal. 4th 317, 349-50 (2000).  Thus, a breach of the implied covenant of

22 good faith and fair dealing involves something more than breach of the contractual duty

23 itself.  *Careau & Co. v. Security Pacific Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1394

24 (1990)).

25 The complaint does not allege that either of the defendants acted in bad faith to

26 frustrate the benefits of the Advisory Agreement.  *See* Complaint ¶¶ 41-44.  Instead, the

27 claim for breach of the implied covenant of good faith and fair dealing simply seeks to

28 enforce the terms of the Advisory Agreement.  If "the allegations do not go beyond the

statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated." *Careau*, 222 Cal. App. 3d at 1395; *Guz*, 24 Cal.4th at 352 ("To the extent the implied covenant claim seeks simply to invoke terms to which the parties did agree, it is superfluous").

Nor can a claim for breach of the implied duty of good faith and fair dealing be used to enforce obligations that are not contained in the Advisory Agreement. The implied covenant of good faith and fair dealing cannot "be endowed with an existence independent of its contractual underpinnings. It cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." *Guz*, 24 Cal. 4th at 349-50 (citations and internal quotations omitted). Therefore, to the extent the complaint attempts to impose obligations "beyond those to which the parties actually agreed, the claim is invalid." *Id.* at 352.

In circumstances where the plaintiff is either requesting the imposition of an obligation not contained in the contract or recovery that is superfluous to the breach of contract claim, the claim should be dismissed. *See, e.g., Lamke v. Sunstate Equip. Co. LLC*, 387 F. Supp. 2d 1044, 1046 (N.D. Cal. 2004).[4]

## CONCLUSION

Plaintiff seeks entitlement to a fee based on contract language which does not support its theory of recovery, and its claim for breach of the implied covenant of good faith and fair dealing fails because it is duplicative of its claim for breach of contract.

---

[4] The law of Pennsylvania does not suggest a different result. "Pennsylvania law does not recognize a separate claim for breach of implied covenant of good faith and fair dealing." *Blue Mt. Mushroom Co. v. Monterey Mushroom*, 246 F. Supp. 2d 394, 400 (D. Pa. 2002); *see also McGrenaghan v. St. Denis Sch.*, 979 F. Supp. 323, 328 (D. Pa. 1997).

1  Defendants respectfully request that this Court dismiss Plaintiff's third and fourth claims
2  without leave to amend.

4  Dated:  March 13, 2007                           Respectfully submitted,

   DECHERT LLP
   H. JOSEPH ESCHER III


   By:  _____/s/_____
         H. JOSEPH ESCHER III
         Attorneys for Defendants
         FNX LIMITED and FARID NAIB

1
2    12652226.8.LITIGATION
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DECHERT LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 7 -
MOTION TO DISMISS