Matthew G. Ball (SBN 208881)
Matthew.Ball@klgates.com
**K&L GATES LLP**
55 Second Street, Suite 1700
San Francisco, CA 94105
Telephone:    415.882.8200
Facsimile:    415.882.8220

Attorneys for Financial Technology Partners L.P.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINANCIAL TECHNOLOGY PARTNERS L.P., a Delaware Limited Partnership,<br><br>Plaintiff,<br><br>vs.<br><br>FNX LIMITED, a Pennsylvania Corporation, FARID NAIB, an individual, and Does 1-10,<br><br>Defendants. | Case No.  C 07 1298 JSW<br><br>**PLAINTIFF FINANCIAL TECHNOLOGY PARTNERS L.P.'S MOTION REGARDING JURY TRIAL**<br><br>Date: February 27, 2009<br>Time: 9:00 a.m.<br>Judge: Hon. Jeffrey White |

SF-172068 v1

**NOTICE OF MOTION**

TO COUNSEL OF RECORD FOR DEFENDANTS FNX, LTD. AND FARID NAIB:  On February 27, 2009, at 9:00 a.m., in the courtroom of Judge Jeffrey S. White, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff Financial Technology Partners will, and hereby does, move the Court for an order that its claims may be tried to a jury.

|  |  |
|---|---|
|  | K&L GATES LLP |
| Dated:  January 12, 2009 | By: Matthew G. Ball /s/ |
|  | Matthew G. Ball         (SBN 208881) |
|  | matthew.ball@klgates.com |
|  | Attorneys for Plaintiff Financial Technology Partners L.P. |

## INTRODUCTION

This case is a contract dispute between a financial advisor, Financial Technology Partners, L.P. ("FT Partners") and its former client, FNX Limited ("FNX" or the "Company"). FT Partners asserts that FNX Limited and Farid Naib, as guarantor, breached a Financial Advisory Agreement (the "Advisory Agreement") to pay FT Partners more than $856,000 in fees earned on finance transactions, and further contends that FNX has an obligation under the Advisory Agreement to pay an additional $750,000 upon sale of FNX to another company.

## ISSUE TO BE DECIDED

Whether Plaintiff FT Partners' claims against FNX, Ltd. and Farid Naib should be tried to a jury given that (1) FT Partners made a timely demand for a jury trial, (2) the pre-litigation jury trial waiver is in the Advisory Agreement is governed by California law and (3) such waivers have been found to be unenforceable under California law.

## FACTS & PROCEDURAL HISTORY

The Advisory Agreement that governs the dispute in this case was signed on or about September 12, 2002. The Agreement contains the following clause:

> Any right to trial by jury with respect to any action or proceeding arises in connection with or as a result of either our engagement or any matter referred to in this letter is hereby waived by the parties hereto. . . . This letter shall be governed by and construed in accordance with the laws of the State of California without regard to principles of conflict of laws.

Dkt. 1 (Notice of Removal, Complaint, Exh. A, p. 6 of 6).

Plaintiff Financial Technology Partners filed its initial Complaint in San Francisco Superior Court on or about January 30, 2007. Dkt. 2. That Complaint contained a demand for a jury trial in Paragraph 6 of the Complaint. *Id.* Defendants removed the case to this Court on or about March 6, 2007. *Id.* Thereafter, Plaintiff filed a Second Amended Complaint pursuant to stipulation of the parties, both of which also contained jury demands. Dkt. 29, 30.[1]

---

[1] A First Amended Complaint was filed in San Francisco Superior Court before removal.

SF-172068 v1

1

FT PARTNERS' MOTION REGARDING JURY TRIAL
Case No. C 07 1298 JSW

1   Although Defendants initially agreed that the case was triable to a jury in the initial Joint Case
2   Management Statement dated June 22, 2007.  Dkt. 22, Defendants later stated their intention to bject
3   to Plaintiff's jury demand based on the pre-litigation jury trial waiver in the contract.  *See* Joint
4   Supplemental Case Management Statement dated November 30, 2007, Dkt. 39.  This Court ordered
5   on December 17, 2007, that the parties deal with the dispute over the bench versus jury trial in any
6   dispositive motions that the parties might file.  Dkt. 40.  The hearing on dispositive motions was to be
7   November 7, 2008.  *Id.*  No party filed dispositive motions.

8   Thereafter, the parties engaged in unsuccessful mediation efforts, and then submitted a further
9   joint supplemental case management statement on December 12, 2008.  Dkt. 49.  In response to the
10  joint supplemental case management statement, this Court issued an order providing the following:

11  > By no later than January 2, 2009, Plaintiff shall file a motion regarding
12  > whether the trial in this matter should be a jury or a bench trial.  The
    > Court shall reset the trial and pretrial conference in the order resolving
13  > the motion. . . .

14  Dkt. 51.

15  Plaintiff admittedly did not file the instant motion by January 2, 2009.  Plaintiff has no
16  explanation for its failure other than (1) its counsel had always had the understanding and belief that
17  it would be Defendants' burden to challenge Plaintiffs' timely jury demand under Federal Rule of
18  Civil Procedure 39(a)(2), or through another procedure, and (2) misread the Court's Order as a result
19  of his understanding and belief.  Declaration of Matthew G. Ball ¶ 3.  Counsel for Plaintiff
20  respectfully and humbly requests the Court not to allow his failure to affect this Court's decision on
21  Plaintiff's fundamental constitutional right of jury trial.

22  **ARGUMENT**

23  There is no dispute that Plaintiff made a timely and adequate jury demand.  There is no
24  dispute that the Advisory Agreement provides that California law will govern its interpretation.
25  Under California law, a pre-litigation waiver of a jury trial such as that found in the Advisory
26  Agreement is unenforceable.  *Grafton Partners L.P. v. Superior Court*, 36 Cal. 4th 944 (2005).
27  Accordingly, regardless of the pre-litigation waiver contained in the Advisory Agreement, FT
    Partners is entitled to have its claims tried by a jury.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court find Plaintiff is entitled to trial by jury on its claims.

K&L GATES LLP


Dated:  January 12, 2009				By:	Matthew G. Ball /s/
							Matthew G. Ball        (SBN 208881)
							matthew.ball@klgates.com

							Attorneys for Plaintiff Financial Technology
							Partners L.P.