1  H. JOSEPH ESCHER III (No. 85551)
   h.joseph.escher@dechert.com
2  D. CHRISTOPHER BURDETT (No. 230342)
   cburdett@dechert.com
3  DECHERT LLP
   One Maritime Plaza
4  Suite 2300
   San Francisco, California  94111-3513
5  Telephone:   415.262.4500
   Facsimile:    415.262.4555
6
   Attorneys for Defendants
7  FNX LIMITED and FARID NAIB

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11               SAN FRANCISCO DIVISION

12 FINANCIAL TECHNOLOGY            Case No. C 07-01298 JSW
   PARTNERS L.P., a Delaware Limited
13 Partnership,                    DEFENDANTS' OPPOSITION TO
                                   PLAINTIFF'S MOTION
14              Plaintiff,         REGARDING JURY TRIAL

15 v.                             Date:     February 27, 2009
                                  Time:     9:00 a.m.
16 FNX LIMITED, a Pennsylvania     Dep't:    Courtroom 11, 19th Floor
   corporation, FARID NAIB, an individual, Judge:   Honorable Jeffrey S. White
17 and DOES 1-10,

18              Defendants.

19

20

21

22

23

24

25

26

27

28

DECHERT LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

**INTRODUCTION**

2      Plaintiff's tardy "motion regarding jury trial" attempts to invalidate a jury waiver

3   clause contained in its contract for financial advisory services ("Advisory Agreement"),

4   relying exclusively on California state law.  But plaintiff fails to recognize that in

5   diversity cases the right to jury trial is governed by federal law, and federal law enforces

6   contractual waivers of jury trials.  Thus, plaintiff is incorrect that the California Supreme

7   Court's decision in *Grafton Partners L.P. v. Superior Court*, 36 Cal. 4th 944 (2005) is

8   controlling, or even persuasive authority.  Federal law applies even when the dispute

9   arises from a contract containing California choice of law clause.  *See TransFirst*

10   *Holdings, Inc. v. Phillips*, No. 3:06-CV-2303-P, 2007 U.S. Dist. LEXIS 20483, at *7-*8

11   (N.D. Tex. Mar. 22, 2007).  Under federal law, plaintiff's waiver of jury trial is

12   enforceable.  *See id.* at *8.

13

**FACTS AND PROCEDURAL HISTORY**

14      Plaintiff Financial Technology Partners L.P. ( "FT Partners ") and defendant FNX

15   Limited ("FNX") executed the Advisory Agreement dated September 23, 2002.  The

16   Advisory Agreement was drafted by FT Partners.  *See* Declaration of D. Christopher

17   Burdett in Support of Defendants' Opposition to Plaintiff's Motion Regarding Jury Trial

18   ("Burdett Decl.") Ex. A (McLaughlin Dep.) at 22:4-6; 23:2-12.  The Advisory Agreement

19   contained the following clause:

20      Any right to trial by jury with respect to any action or proceeding arising in
       connection with or as a result of either our engagement or any matter
21      referred to in this letter is hereby waived by the parties hereto.

22   *See* Burdett Decl. Ex. B (Advisory Agreement) at Annex A.

23      In response to the parties' joint case management statement, this Court ordered that

24   "By no later than January 2, 2009, Plaintiff shall file a motion regarding whether the trial

25   in this matter should be a jury or a bench trial."  Doc. No. 51 (Order Continuing Dates)

26   at 1.  On January 12, 2009 plaintiff filed its motion regarding jury trial, contending that

27   the jury trial waiver contained in the Advisory Agreement was unenforceable under

28

1    California law.  Plaintiff's Motion at 2.[1]

2                                      **ARGUMENT**

3    **I.      Federal Law Applies To The Right To Jury Trials In Diversity Cases.**

4              The California Supreme Court's decision in *Grafton* has no bearing on plaintiff's

5    right to a jury trial because federal law controls the right to a jury trial in diversity actions.

6    *See Simler v. Conner*, 372 U.S. 221, 222 (1963) ("[T]he right to a jury trial in the federal

7    courts is to be determined as a matter of federal law in diversity as well as other actions");

8    *see also Phoenix Leasing Inc. v. Sure Broad., Inc.*, 843 F. Supp. 1379, 1384 (D. Nev.

9    1994) (federal law governs validity of jury waiver in a diversity case); 8 James Wm.

10   Moore et al., *Moore's Federal Practice* ¶ 38.14[1] (3d ed. 2008) ("[E]ven when the source

11   of the substantive claim is in state law, federal law will determine the right to jury trial").

12   The fact that a contract contains a choice of law provision does not alter this analysis.  *See*

13   *TransFirst Holdings*, 2007 U.S. Dist. LEXIS 20483, at *7-*8.  In *Transfirst Holdings*, the

14   court rejected the defendants' contention that California's *Grafton* decision should apply

15   because of the contractual California choice of law provisions:

16                Defendants bring forward no authority for the proposition that state
     law controls the right to a jury trial in federal court.  Defendants argue that
17   the choice of law clause in the [contracts] should be honored by applying
     California law on contractual jury waivers.  This contractual choice of law
18   situation is analogous to a contract case in diversity where the law of a
     particular state may govern the interpretation of the contract.  In diversity
19   cases, federal courts have applied federal law to assess the enforceability of
     jury waiver provisions.  Defendants offer no reason why a case with a state
20   choice of law provision governing a contract should be distinguished from a
     diversity case in deciding whether federal or state law applies to a
21   contractual jury waiver, and the court perceives no reason to make such a
     distinction.
22

23   *Id.* at *7-*8 (citations omitted).  Plaintiff's motion does not suggest any reason why long-

24   standing federal authority should be overturned and California law should applied to the

25   right to a jury trial in this Court.[2]

26   _____

27   [1] Plaintiff concedes that its motion regarding jury trial failed to meet the deadline set by
     this Court.  Plaintiff's Mot. at 2.
28   [2] Counsel for defendants has previously explained to counsel for plaintiff that federal law
     applies to the issue of jury trial in federal courts.  Plaintiff inexplicably does not even

1

**II.    FT Partners' Waiver Of Jury Trial Is Enforceable Under Federal Law.**

2      Under federal law, contractual waivers of jury trials are enforceable.  *Applied*

3  *Elastomerics, Inc. v. Z-Man Fishing Prods., Inc.*, 521 F. Supp. 2d 1031, 1044 (N.D. Cal.

4  2007) ("[U]nder federal law, parties may contractually waive their right to a jury trial");

5  *Okura & Co. (Am.) Inc. v. Careau Group*, 783 F. Supp. 482, 488-89 (C.D. Cal. 1991)

6  (enforcing waiver provisions in loan documents).  Federal law enforces such waivers

7  when they are entered into knowingly and voluntarily.  *See Tracinda Corp. v.*

8  *DaimlerChrysler AG*, 502 F.3d 212, 222 (3d Cir. 2007) ("[T]o be valid, a jury waiver

9  must be made knowingly and voluntarily . . ."); *Applied Elastomerics*, 521 F. Supp. 2d at

10  1044 ("'[T]he right to civil jury trial . . . may be waived by a contract knowingly and

11  voluntarily executed'") (quoting *Okura*, 783 F. Supp. at 488); *see also* 8 James Wm.

12  Moore et al., *Moore's Federal Practice* ¶ 38.52[3][a] (3d ed. 2008) ("The parties to a

13  contract may, by prior written agreement, entered into knowingly and voluntarily, waive

14  the right to a jury trial"); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and*

15  *Procedure* § 2321 (3d ed. 2008) ("A contractual provision for waiver of jury trial in the

16  event of a dispute among the contradicting parties will be enforced . . .").

17      In this case, plaintiff has not made any attempt to argue that the waiver contained

18  in FT Partners' Advisory Agreement was not knowing or voluntary.  Indeed, plaintiff

19  drafted the clause waiving jury trial.  Burdett Decl. Ex. A (McLaughlin Dep.) at 22:4-6;

20  23:2-12.  Steve McLaughlin, the founder, managing partner, and sole member of plaintiff

21  (*id.* at 8:23-25) testified that he was familiar with the jury trial waiver that FT Partners

22  included in the majority of its agreements:

23      Q.  Let's take a look at a signed version of the advisory agreement
       previously marked as Exhibit 7.  I just want to confirm that this is the final
24      version and the signature by Financial Technology Partners LLC; is that by
       you?

25      A  Yes.

26      Q  Looking at Annex A to Exhibit 7, which is the last page --

27

28  address this issue in its extraordinarily abbreviated motion.

1    A   Yes.

2    Q   -- you see the second to last sentence about the waiver of right to a trial by jury?  Do you see that?

3

4    A   I see that.

    Q   Is that something you discussed with Farid Naib?

5

6    A   I don't recall.

    Q   Okay.  Did you even know that that was in there, the waiver of right to trial by jury?

7

8    A   I -- I don't recall.  Yeah, generally familiar with my agreements.

9    Q   And it's basically in all of your agreements?

10    A   Not necessarily, but majority probably.

11   *Id.* at 112:1-22.

12      FT Partners is not an unsophisticated party.  Steve McLaughlin, a graduate of the

13  Wharton School of Business (*id.* at 17:6-8), testified that he has "negotiated many legal

14  documents, drafted many legal documents, and signed many legal documents that I have

15  drafted or played a large part in drafting . . .".  *Id.* at 25:23-26:1.  In these circumstances,

16  contractual provisions waiving jury trials are enforced.  *See, e.g., Phoenix Leasing*, 843 F.

17  Supp. at 1384-85, 1390 (holding that a waiver of jury trial by defendant was "knowing,

18  intelligent and voluntary" where, inter alia, the waiver clause was not inconspicuous, the

19  defendant had an opportunity to negotiate, and the defendant was "experienced,

20  professional and sophisticated in business dealings"); *Brown v. Cushman & Wakefield,*

21  *Inc.*, 235 F. Supp. 2d 291, 293-94 & n.5 (S.D.N.Y. 2002) (waiver of jury trial was

22  knowing and voluntary because it was conspicuous, and plaintiff who had M.B.A. and had

23  worked as investment banker, was not in an unfair bargaining position and could have

24  tried to negotiate about waiver clause).

25

26

27

28

1

**CONCLUSION**

2

Plaintiff's motion regarding jury trial should be denied.

3

4        Dated: February 6, 2009                    DECHERT LLP

5

6

7                                                   By:          /S/
                                                         CHRISTOPHER BURDETT
                                                         Attorneys for Defendants
8                                                        FNX LIMITED and FARID NAIB

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28