1  Matthew G. Ball (SBN 208881)
   Matthew.Ball@klgates.com
2  **K&L GATES LLP**
3  55 Second Street, Suite 1700
   San Francisco, CA 94105
4  Telephone:    415.882.8200
   Facsimile:    415.882.8220
5
6  Attorneys for Financial Technology Partners L.P.

7                     UNITED STATES DISTRICT COURT
8                    NORTHERN DISTRICT OF CALIFORNIA
9

| | |
|---|---|
| 10  FINANCIAL TECHNOLOGY PARTNERS L.P., a Delaware Limited Partnership, | Case No.  C 07 1298 JSW |
| 11 | |
| 12             Plaintiff, | **PLAINTIFF FINANCIAL TECHNOLOGY PARTNERS L.P.'S REPLY IN SUPPORT OF MOTION REGARDING JURY TRIAL** |
| 13       vs. | |
| 14  FNX LIMITED, a Pennsylvania Corporation, FARID NAIB, an individual, and Does 1-10, | |
| 15 | Date:  February 27, 2009 |
| 16             Defendants. | Time:  9:00 a.m.<br>Judge:  Hon. Jeffrey White |
| 17 | |

18
19
20
21
22
23
24
25
26
27

SF-175497 v1

1    Defendants fail to refute – and thus concede –that the Advisory Agreement contains a choice
2    of law clause that provides that California law will govern.  Defendants further fail to argue – and
3    thus concede – that any State's law other than California's governs the Advisory Agreement.
4    Defendants further fail to refute – and thus concede – that pre-litigation jury trial waivers are
5    unenforceable under California law.  *Grafton Partners L.P. v. Superior Court*, 36 Cal. 4th 944 (2005).
6    Finally, despite their best efforts, Defendants are unable to disguise the fact that the only case they
7    cite on all fours with their position is an unpublished trial court opinion from the Northern District of
8    Texas, which provides only the most conclusory reasoning to support its position.  *TransFirst*
9    *Holdings, Inc. v. Phillips*, No. 3:06-CV-2303-P, 2007 WL 867264, at *2-*3 (N.D. Tex. Mar. 22,
10   2007).  Given the lack of controlling, well-reasoned authority, and the "federal policy favoring jury
11   trials", *Simler v. Conner*, 372 U.S. 221, 222 (1963), FT Partners' motion is properly granted.

12   Although Defendants take FT Partners to task for failing to address issues in its Motion
13   (Opp'n at 2:27-28), the Defendants themselves fail to address a key issue:  the fact that a federal trial
14   court, sitting in diversity, will generally apply a valid choice of law clause.  *See*, *e.g.*, *PAE Gov't*
15   *Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 860 (9th Cir. 2007) (applying Virginia law pursuant to choice
16   of law clause).[1]  Here, Defendants do not even provide any reason why the choice of law clause
17   should not be enforced.  That choice of law clause provides that the Advisory Agreement shall be
18   construed in accordance with the laws of the State of California, which, after the *Grafton Partners*
19   decision, emphatically provide that prelitigation jury trial waivers are not enforceable.

20   Although Defendants cite to several authorities providing that the issue is generally governed
21   by federal common law, only one of those authorities involves the situation presented here:  a
22   contract with an admittedly controlling choice of law clause.  *See TransFirst Holdings, Inc.*, *supra*.

---

[1] Additionally, although Defendants further take FT Partners to task for FT Partners' 10-calendar-day delay in filing the instant Motion (Opp'n at 1:23-27), and state, without any evidentiary support, that counsel for Defendants has previously explained to counsel for FT Partners that federal law governs (*id.* at 2:28), Defendants offer no explanation why it took more than six months after this case was filed for Defendants to object to Plaintiffs' jury demand, or why Defendants initially agreed that the case was triable to a jury in their Joint Case Management Statement.  See M'tn at 1:22-2:4. This conduct in and of itself relinquished any right Defendants may have had to enforce the jury waiver.  *See RDO Financial Servs. Co. v. Powell*, 191 F. Supp. 2d 811, 814 (N.D. Tex. 2002).

1  The sole extent of *TransFirst*'s reasoning on this point is as follows:  "Defendants offer no reason
2  why a case with a state choice of law provision governing a contract should be distinguished from a
3  diversity case in deciding whether federal or state law applies to a contractual jury waiver, and the
4  court perceives no reason to make such a distinction."  2007 WL 867264 at *2.  The reason should be
5  clear:  in a case where there is no choice of law provision, the court can apply the proper choice of
6  law rules to govern its decision, because the parties have bargained for nothing more.  However,
7  where a choice of law clause is involved, the parties have bargained for an agreement construed
8  according to particular laws, for better or for worse.  Here, the parties' bargain was for California
9  law, which renders the prelitigation jury trial waiver unenforceable.[2]

10       Accordingly, FT Partners respectfully requests that this Court grant its Motion, and allow FT
11  Partners to proceed with a jury trial on this matter.[3]

13                                             K&L GATES LLP

15  Dated:  February 13, 2009                      By:  Matthew G. Ball /s/
16                                                  Matthew G. Ball          (SBN 208881)
17                                                  matthew.ball@klgates.com

18                                                  Attorneys for Plaintiff Financial Technology
                                                Partners L.P.

---

25  [2]  Given that the jury trial waiver is unenforceable, there is no reason to analyze, as Defendants do, whether the waiver was "knowing and voluntary" on FT Partners' part.
26  [3] In the Court's Order dated December 16, 2008, the Court noted that it would reset the trial and pretrial conference date in its Order disposing of this Motion.  For the Court's scheduling convenience, FT Partners notes that the settlement conference before Magistrate Judge Larson has been set for April 21, 2009.

3

FT PARTNERS' REPLY IN SUPPORT OF MOTION REGARDING JURY TRIAL
Case No. C 07 1298 JSW