IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FINANCIAL TECHNOLOGY PARTNERS L.P.,

    Plaintiff,

v.

FNX LIMITED, FARID NAIB, and DOES 1-20

    Defendants.

No. C 07-01298 JSW

**ORDER GRANTING PLAINTIFF'S MOTION REGARDING JURY TRIAL**

Now before the Court is the motion regarding jury trial by plaintiff Financial Technology Partners, L.P. ("FT Partners"). The Court finds that this matter is appropriate for disposition without oral argument and it is hereby deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for February 27, 2009 is HEREBY VACATED. This action concerns a contract dispute between defendant FNX Limited ("FNX") and FT Partners. In the agreement at issue, there is a provision that waives the right to a jury trial. The parties dispute whether this provision is valid and enforceable. Plaintiff argues that the agreement contains a choice of law provision designating California law, and thus, contends that California law controls. Under California law, pre-litigation contractual waivers of the right to a jury trial are unenforceable because such waivers violate the California Constitution. *Grafton Partners L.P. v. Superior Court*, 36 Cal. 4th 944, 967 (2005). Under federal law, although the right to a jury trial is protected by the Seventh Amendment of the United States Constitution, the

right to a jury trial may be waived by a contract knowingly and voluntarily executed. *See Okura & Co. (America), Inc. v. Careau Group*, 783 F. Supp. 482, 488 (C.D. Cal. 1991); *see also Phoenix Leasing Inc. v. Sure Broadcasting, Inc*., 843 F. Supp. 1379, 1384 (D. Nev. 1994). Nevertheless, courts "must indulge every reasonable presumption against the waiver of the jury trial." *United States v. Nordbrock,* 941 F.2d 947, 950 (9th Cir.1991).

Generally, the right to a jury trial in federal court is governed by federal law. *Simler v. Conner*, 372 U.S. 221, 221-22 (1963). The rationale underlying this rule is to protect the federal policy favoring jury trials. *Id*. at 222. The Supreme Court stated its holding that federal law governs the right to a jury trial was necessary to ensure that the Seventh Amendment is enforced uniformly. *Id*. The Court noted that in diversity cases, although the substantive dimensions of the claims asserted are based on state law, the characterization of whether such claims are legal or equitable for purposes of determining whether there is a right to a jury trial must be determined according to federal law. *Id*.

FT Partners argues that because the contract at issue has a choice of law section which provides that California law governs, the Court should look to California law in determining whether the waiver of the right to a jury trial is enforceable. Defendants FNX and Farid Naib counter that even where there is a choice of law provision, courts still apply federal law on this issue. However, the only authority on point cited, and located by the Court, is an out of circuit unpublished district court case which lacks thorough analysis. *See TransFirst Holdings, Inc. v. Phillips*, 2007 WL 867264, *2 (N.D. Tex. March 22, 2007). The court in *TransFirst* simply rejected the argument that the choice of law provision should be applied because the moving party failed to offer a convincing reason why it should be applied. *Id*. The Court finds that because of the lack of analysis, *TransFirst* is not persuasive.

Ironically, although the reason the Supreme Court held that federal law governs the right to a jury trial was to protect this right, applying federal law here would eliminate that right. The Court finds that applying California law here, which is more protective of the right to a jury trial, would promote the policy underlying the rule regarding jury waivers. Moreover, the California law at issue is premised on an interpretation of the California Constitution, not the

Seventh Amendment of the United States Constitution. Thus applying California law here would not undermine the uniformity of enforcing the Seventh Amendment. Finally, Defendants' conduct in this case, including submitting a case management statement in June 2007 providing that this case would be tried by a jury, calls into question whether they could enforce the waiver. *See RDO Financial Servx. Co. v. Powell*, 191 F. Supp. 811, 814 (N.D. Tex. 2002) (finding in light of the presumption against jury waiver that the defendants relinquished their right to enforce a jury waiver by delaying and acting inconsistently with enforcing the jury waiver). Given that courts "must indulge every reasonable presumption against the waiver of the jury trial," *Nordbrock,* 941 F.2d at 950, the Court honors the parties' choice of law provision in the contract at issue and holds that, pursuant to California law, the jury waiver provision is unenforceable.

## CONCLUSION

For the foregoing reasons, the Court GRANTS FT Partners' motion regarding jury trial. The Court FURTHER ORDERS that the pretrial conference will be held at 2:00 p.m. on June 8, 2009 and the trial will begin at 8:00 a.m. on July 6, 2009.

**IT IS SO ORDERED.**

Dated: February 24, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3