MATTHEW G. BALL (20881)
Matthew.Ball@klgates.com
RAMIZ I. RAFEEDIE (215070)
Ramiz.Rafeedie@klgates.com
K&L GATES LLP
Four Embarcadero Center
Suite 1200
San Francisco, California  94111
Telephone:   415-882-8200
Facsimile:    415-882-8220

Attorneys for Plaintiff FINANCIAL
TECHNOLOGY PARTNERS L.P.

H. JOSEPH ESCHER III (No. 85551)
h.joseph.escher@dechert.com
D. CHRISTOPHER BURDETT (No. 230342)
cburdett@dechert.com
DECHERT LLP
One Maritime Plaza
Suite 2300
San Francisco, California  94111-3513
Telephone:   415.262.4500
Facsimile:    415.262.4555

Attorneys for Defendants
FNX LIMITED and FARID NAIB

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FINANCIAL TECHNOLOGY PARTNERS L.P. a Delaware Limited Partnership,<br><br>Plaintiff,<br><br>v.<br><br>FNX LIMITED, a Pennsylvania corporation, FARID NAIB, an individual, and DOES 1-10,<br><br>Defendants. | Case No. C 07-01298 JSW<br>ORDER REGARDING JOINT OBJECTIONS TO PROPOSED EXHIBITS<br><br>Final Pretrial Conference<br>Date:  June 8, 2009<br>Time:  2:00 p.m<br>Judge:  Honorable Jeffrey S. White |

# OBJECTIONS TO EXHIBITS

| Description of Exhibit | Basis of Objection | Response to Objection | Court's Ruling |
|---|---|---|---|
| 11/27/2002 E-mail from Phillip Bell to Steve McLaughlin (Exhibit 12) | PLAINTIFF'S OBJECTION: Hearsay; FRE 403. | DEFENDANTS' RESPONSE: Document is relevant to defendants' state of mind and knowledge concerning what FT Partners should or should be paid in connection with Conning, to show defendants' communicated with FT Partners about any fee connected to Conning, and to show that plaintiff had knowledge that defendants disputed the fee owed to FT Partners at the time of the email. The statements are not hearsay because they are not offered for the truth of the matter asserted and portions of the email, such as "you did not bring Conning to the table and did not participate in the selling/due diligence," could be redacted to prevent confusing the jury.  Also hearsay exception for then existing mental condition applies. | Overruled but the portion "you did not bring Conning to the table and did not participate in the selling/due diligence" shall be redacted. |
| 6/20/2003 E-mail from S. McLaughlin to Phillip Bell (Exh. 18) | PLAINTIFF'S OBJECTION: Relevance; FRE 403. The statement "This guy needs a lobotomy" is inflammatory and not relevant to anything. | DEFENDANTS' RESPONSE: Document is relevant to demonstrate McLaughlin's opinion that FNX should not pursue a transaction with Conning, a claim that they have denied in this litigation. This document is also relevant to Defendant's waiver argument and definition of "involvement" under | Overruled in part. The statement "This guy needs a lobotomy" shall be redacted. |

| | | | | |
|---|---|---|---|---|
| | | | Advisor Agreement. | |
| | 11/17/2002 E-mail attaching FT Partners presentation to GL Trade re FT Partners' capabilities. (Exh. 47) | PLAINTIFF'S OBJECTION: A presentation by FT Partners to GL Trade in 2002 has no bearing on any issues in this case – namely, whether FNX was obligated to pay FT Partners for the sale of FNX to GL Trade in 2007. To be clear, this presentation relates to an attempt for FT Partners to get work for GL Trade for a matter unrelated to FNX.<br><br>Irrelevant; FRE 403. | DEFENDANTS' RESPONSE: FT Partners has previously claimed that it is entitled to a fee because it introduced FNX to GL Trade in 2002. This document is relevant to show that in 2002, FT Partners sent only limited information to GL Trade. Also shows that various tasks that investment bankers performed. This is relevant to the definition of "involved" in regards to the Conning-Lazard transaction. | Sustained |
| | 11/20/2002 Emails between FT Partners' Wolfe and McLaughlin regarding disappointment at GL Trade's decision not to engage FT Partners for a transaction unrelated to the FNX transaction. (Exh. 48) | PLAINTIFF'S OBJECTION: The emails are irrelevant. The fact that FT Partners was disappointed about GL Trade's decision to not engage FT Partners on an unrelated transaction has no bearing on issues in this matter. The language used in the e-mails is inflammatory and prejudicial. The emails will only confuse the jury.<br><br>Irrelevant; FRE 403. | DEFENDANTS' RESPONSE: FT Partners has previously claimed that it is entitled to a fee because it introduced FNX to GL Trade in 2002. This document is relevant to show that in 2002, FT Partners sent only limited information to GL Trade, and GL Trade refused FT Partners' services to act as its investment banker. | Sustained |
| | 11/27/2002 E-mail from Phillip Bell to Steven McLaughlin (Exh. 49) | PLAINTIFF'S OBJECTION: Relevance; FRE 403. | DEFENDANTS' RESPONSE: This document is probative of the fact that defendants had already obtained a term sheet from Conning prior to retaining FT Partners and were seeking to have FT Partners find better alternatives, not to have FT Partners be "involved" in the Conning transaction. Document does not | Overruled |

| | | | | |
|---|---|---|---|---|
| 1 | | | present any danger of unfair prejudice. | |
| 2 3 4 5 6 7 8 9 | 3/16/2003 E-mail from Tim Wolfe to Steve McLaughlin (Exh. 54) | PLAINTIFF'S OBJECTION: Relevance; FRE 403. | DEFENDANTS' RESPONSE: Document is probative of the fact that at this point FT Partners was attempting to find a purchaser for FNX and not secure financing. It is also probative of FT Partners knowledge that an investment with Conning was inconsistent with their effort to find a purchaser for FNX. | Overruled |
| 10 11 12 13 14 15 16 17 | 5/29/2003 E-mail exchange between Steve McLaughlin and Woody Marshall (Exh. 57) | PLAINTIFF'S OBJECTION: Hearsay; Relevance; FRE 403. | DEFENDANTS' RESPONSE: Document is probative of FT Partners' opinion of the proposed Conning investment and FT Partners' attempts to pursue Trident as an investment. Woody Marshall's statements can be redacted and the statements of Steven McLaughlin are not hearsay because they are admissions by a party-opponent. | Overruled |
| 18 19 20 21 22 23 24 25 26 27 28 | 8/28/2003 Email from Steve McLaughlin to a third party regarding an investment in a third company in which McLaughlin states, "I think Conning does not like us (me), we fucked them on the FNX transaction." (Exh. 66) | PLAINTIFF'S OBJECTION: The email was sent in the context of a transaction wholly unrelated to this matter. The email is taken out of context, the language is inflammatory, and is prejudicial.<br><br>Irrelevant; FRE 403 | DEFENDANTS' RESPONSE: The email is directly relevant to FT Partners' claim that it was involved in the Conning-Lazard transaction. Defendants contend, and FT Partners denies, that FT Partners counseled FNX to pursue a deal with Trident Capital instead of a transaction with Conning. McLaughlin's statement to third parties that he somehow slighted Conning with regards to FNX is directly relevant to this dispute and whether FT Partners was actually | Sustained |

| | | | | |
|---|---|---|---|---|
| | | | "involved" with an investment by Conning that occurred after termination of the Advisory Agreement. | |
| | 10/29/2003 Email from Steve McLaughlin to third party Collin Cohen regarding FNX options, in which McLaughlin writes, "I think Trident is going to ding Farid. . . Conning are bottom-fishers and are going to screw us if we go there." (Exh. 68) | PLAINTIFF'S OBJECTION: The email is irrelevant, misleading and would likely confuse and/or prejudice the jury. Irrelevant; FRE 403. | DEFENDANTS' RESPONSE: The email is relevant to the dispute as to whether FT Partners was involved with an investment by Conning after termination of the Advisory Agreement. Defendants contend, and FT Partners denies, that FT Partners counseled FNX to pursue a deal with Trident Capital instead of a transaction with Conning. McLaughlin's statement that "Conning are bottom-fishers" is probative of how he viewed proposed investments by Conning before and after termination of the Advisory Agreement. | Overruled |
| | 12/7/2006 Email from Jeff Wong to Steve McLaughlin. A later email in the sequence, a McLaughlin reply to Jeff Wong, will be redacted. (Exh. 78) | PLAINTIFF'S OBJECTION: The email is irrelevant, constitutes inadmissible hearsay and is prejudicial. Jeff Wong's reading of the contract years after the fact is simply not relevant.  Irrelevant; FRE 403; FRE 801 | DEFENDANTS' RESPONSE: Wong's observation at a minimum demonstrates the ambiguity of contract language and corroborates defendants' understanding of the contract. The exhibit is an admission by FT Partners, as Wong was the COO and CFO of FT Partners. | Sustained |
| | 8/24/04 Email to Steve McLaughlin; blind copy to David Schulman from Farid Naib countering offer made by McLaughlin (Ex. 27). | DEFENDANTS' OBJECTION: Rule 403. This document is inadmissible as settlement communications pursuant to Federal Rule of Evidence 408. | PLAINTIFF'S RESPONSE: Not offered for purpose of proving prohibited matters listed in 408. The document is offered for the purpose of showing that Mr. Naib was not taking certain positions then that he is now, as set forth in the | Overruled |

| | | | | |
|---|---|---|---|---|
| | | | testimony beginning on page 185 of his deposition. | |
| | 8/18/2004 - Email to Steve McLaughlin from Farid Naib discussing scenarios to pay monies owed to FT Partners. (Ex. 33) | DEFENDANTS' OBJECTION: This document is inadmissible as settlement communications pursuant to Federal Rule of Evidence 408. Also, hearsay as to McLaughlin's email. | PLAINTIFF'S RESPONSE: Not offered for purpose of proving prohibited matters in 408. Also, not an offer of compromise. Offered to show why FT Partners is not being paid for the Conning-Lazard transactions, and also offered to show that Mr. Naib is still asking for a waiver of Conning-Lazard fees, proving that he knew at the time that he owed them. | Overruled |
| | 8/20/04 - Email to Steve McLaughlin; copies to Farid Naib, David Schulman, Art Balzereit from Farid Naib discussing potential settlement scenarios. (Ex. 34). | DEFENDANTS' OBJECTION: This document is inadmissible as settlement communications pursuant to Federal Rule of Evidence 408. Hearsay as to McLaughlin's email of 8/19/04. | PLAINTIFF'S RESPONSE: Not offered for purposes of proving prohibited matters in 408. Offered to show that Mr. Naib was accepting liability for expenses and providing for them as part of the Conning deal (they were never paid until the date of the pre-trial order), and also shows that Mr. Naib was still asking for a waiver of the Conning-Lazard fees, showing that he knew the Advisory Agreement required payment of a fee. | Overruled |
| | 8/22/04 Email to Steve McLaughlin from Farid Naib discussing potential settlement (Ex. 35). | DEFENDANTS' OBJECTION: This document is inadmissible as settlement communications pursuant to Federal Rule of Evidence 408. McLaughlin's email of 8/20/04 is also hearsay. | PLAINTIFF'S RESPONSE: Plaintiff believes that Defendants intended to refer to Exhibit 35. Not offered for purposes of proving prohibited matters in Rule 408. If Plaintiff's MIL 2 is not granted, this is required to show the context of the "gentlemen's agreement." The e-mail again talks about a | Overruled |

| | | | |
|---|---|---|---|
| | | waiver. It is also relevant to the defendant's affirmative defense of modification, to the extent that goes forward. | |
| 8/18/04 Email to Farid Naib from Steve McLaughlin regarding fee owed from FNX for Trident transaction (Ex.31). | DEFENDANTS' OBJECTION: Hearsay, Rule 403, inadmissible settlement communication, Rule 408 | PLAINTIFF'S RESPONSE: Not offered for its truth; only offered to show Mr. McLaughlin's position at the time. Shows Mr. McLaughlin's understanding that Conning was never carved out of the Advisory Agreement, and that he was entitled to fees on the Trident transaction. | Overruled |
| 8/18/04 Email to Steve McLaughlin from Farid Naib stating that they will delay funding from Trident (Ex. 32). | DEFENDANTS' OBJECTION: Inadmissible settlement communication, Rule 408, Rule 403. The attached email chain includes a duplicate of Ex. 27, which should be redacted. | PLAINTIFF'S POSITION: This tends to show that FNX did not pay FT Partners a fee on the Conning-Lazard financing because "there is enough money flowing out of this deal already", and Mr. Naib "does not get to exercise his put." There is no offer to compromise here, and neither of the purposes above relate to Evidence Code 408. | Overruled |
| 10/31/02 Email to Tim Wolfe from Steve McLaughlin re investigating GL Trade for FNX (Ex. 46). | DEFENDANTS' OBJECTION: Hearsay. This is in the nature of internal correspondence, not a "memorandum, report, record or data compilation" that was routinely made as required by the business records exception (Rule 803(6)). As such, the internal correspondence lacks the presumed reliability of being regularly maintained and verified that underlies the business records exception. *See U.S. v.* | PLAINTIFF'S RESPONSE: This is a business record. | Overruled |

- 6 -
JOINT OBJECTIONS TO PROPOSED EXHIBITS          C-07-01298 JSW

| | | | | |
|---|---|---|---|---|
| 1 2 3 | | *Ferber*, 966 F. Supp. 90, 98 (D. Mass. 1997) (holding internal business email was not a business record under Rule 803(6)). | | |
| 4 5 6 | 3/6/03 Email to Steve McLaughlin from Michael Coelho attaching buyer list (Ex. 52). | DEFENDANTS' OBJECTION: Hearsay, except for buyer list itself. | PLAINTIFF'S RESPONSE: This is a business record. | Overruled |
| 7 8 | 6/19/03 email to Phil Bell; re FNX/Trident Bridge draft (Ex. 58). | DEFENDANTS' OBJECTION: Hearsay | PLAINTIFF'S RESPONSE: This is a business record, and not offered for its truth. | Overruled |
| 9 10 11 12 13 14 15 16 17 18 | 11/5/03 Email to Steve McLaughlin from Tim Wolfe attaching FNX PE list (Ex. 70). | DEFENDANTS' OBJECTION: Hearsay – as to 11/2/03 email to F. Naib contained in email string. | PLAINTIFF'S RESPONSE: This is a business record. Also, it is offered to show that FT Partners told Mr. Naib during the course of the engagement that FT Partners was contacting venture capitalists rather than pursuing a sale, and that Mr. Naib never objected to this process. The document demonstrates that Defendants' contention – that FT Partners was engaged only for a sale – is incorrect. | Overruled |
| 19 20 21 22 23 24 25 26 27 28 | 2/3/04 Email to Steve McLaughlin from Michael Brown re FNX (Ex. 73). | DEFENDANTS' OBJECTION: Hearsay, Rule 403. If the McLaughlin email re "forever" is admitted, then Defendants will withdraw objections to other emails in Ex. 73 under rule of completeness. Also, under Rule 801(d)(1)(B), this is document is not admissible as a prior consistent statement unless and until it is "offered to rebut an express or implied charge against the | Withdrawn as to that specific e-mail. The e-mail from Steve McLaughlin to Michael Brown is relevant and admissible to prove Mr. McLaughlin's understanding of the agreement, and is not offered for its truth (i.e., that FNX is FT Partners' client "forever."). | Sustained |

- 7 -
JOINT OBJECTIONS TO PROPOSED EXHIBITS          C-07-01298 JSW

| | | | | |
|---|---|---|---|---|
| | | declarant of recent fabrication or improper influence or motive." | | |
| | Confidential Information Memorandum (FT partners 49813-49910) | DEFENDANTS' OBJECTION: Hearsay, relevance | PLAINTIFF'S RESPONSE: This is non-hearsay, because it is not offered for the truth of the matters it contains, but instead is offered to show the type and extent of work that FT Partners provided for FNX. Alternatively, it is a business record. It is relevant to the claim for the reasonable value of services. | Overruled |
| | Exemplar Financial Model (FT Partners 50011-50572). | DEFENDANTS' OBJECTION: Relevance, hearsay, Rule 403. Defendants recognize that under the Court's ruling to date with respect to the common count claim the document might become relevant. | PLAINTIFF'S RESPONSE: This is non-hearsay, because it is not offered for the truth of the matters it contains, but instead is offered to show the type and extent of work that FT Partners provided for FNX. Alternatively, it is a business record. It is relevant to the claim for the reasonable value of services. | Overruled |
| | Management Presentation (FT Partners 1456-1517) | DEFENDANTS' OBJECTION: Relevance, hearsay, Rule 403. Defendants recognize that under the Court's ruling to date with respect to the common count claim the document might become relevant. | PLAINTIFF'S RESPONSE: This is non-hearsay, because it is not offered for the truth of the matters it contains, but instead is offered to show the type and extent of work that FT Partners provided for FNX. Alternatively, it is a business record. It is relevant to the claim for the reasonable value of services. | Overruled |
| | Management Presentation (FT Partners 1518-1571) | DEFENDANTS' OBJECTION: Relevance, hearsay, Rule 403. Defendants recognize that under the Court's ruling to date with respect to the common count claim the | PLAINTIFF'S RESPONSE: This is non-hearsay, because it is not offered for the truth of the matters it contains, but instead is offered to show the type and extent of work that | Overruled |

| | | | |
|---|---|---|---|
| | | document might become relevant. | FT Partners provided for FNX. Alternatively, it is a business record. It is relevant to the claim for the reasonable value of services. | |
| Due Diligence Package (FT Partners 1572-2060) | DEFENDANTS' OBJECTION: Relevance, hearsay, Rule 403. Defendants recognize that under the Court's ruling to date with respect to the common count claim the document might become relevant. | PLAINTIFF'S RESPONSE: This is non-hearsay, because it is not offered for the truth of the matters it contains, but instead is offered to show the type and extent of work that FT Partners provided for FNX. Alternatively, it is a business record. It is relevant to the claim for the reasonable value of services. | Overruled |
| Email Chain regarding capital rise and buy side (FNX 827-28). | DEFENDANTS' OBJECTION: Hearsay, Relevance, Rule 403 | PLAINTIFF'S RESPONSE: Part of this e-mail chain is an admission from Mr. Naib. The portion from Mr. McLaughlin is not offered for its truth, but rather, to show that Mr. McLaughlin gave Mr. Naib notice of FT Partners' belief that it would be entitled to a fee for the Conning financing, and that Mr. Naib did not contradict him. | Overruled |
| Secured convertible notes from Trident (FNX 11050-1186 | DEFENDANTS' OBJECTION: Hearsay, Relevance, Rule 403 | PLAINTIFF'S RESPONSE: This is legally operative language and non-hearsay. The terms of the Trident notes are relevant because Mr. Naib has argued that the Trident notes do not constitute private capital. In fact, the notes are convertible to stock, which does qualify them as "private capital." | Overruled |
| Conning-Lazard Transactions documents | DEFENDANTS' OBJECTION: Hearsay | PLAINTIFF'S RESPONSE: This is | |

| | | | |
|---|---|---|---|
| (FNX 01280-01493). | | legally operative language and non-hearsay. The final price and terms of the Conning-Lazard transactions are relevant, especially since Mr. Naib has taken contradictory positions as to whether the terms were similar or not similar to the Conning transaction that FT Partners provided advice on during the term of the Advisory Agreement. | Overruled |
| February 4, 2007 email from Naib to David Young; Manu Rana; Mark Galant and CC to David Schulman | DEFENDANTS' OBJECTION: Attorney-client privilege, and/or common interest, work product Relevance, Rule 403 | PLAINTIFF'S RESPONSE: E-mail shows a continued and bad-faith intent not to pay, even for the expenses, especially as to the implication that McLaughlin would be reluctant to litigate and drag other VCs into the process. Any privilege is waived through sending the communication to third-parties, such as representatives of Conning and Lazard. | Sustained |
| FNX Disbursement Instructions from GL Trade Sale (C0002089) | DEFENDANTS' OBJECTION: Relevance, Rule 403. Defendants recognize that under the Court's ruling to date with respect to the common count claim the document might become relevant. | PLAINTIFF'S RESPONSE: The sale price of GL Trade and to whom the proceeds are to be paid is relevant to Plaintiff's claim for reasonable value of services. Specifically, FT Partners claims entitlement to a minimum fee on the transaction. Had GL Trade closed during the term of the Advisory Agreement or one-year after, the fee would have been closer to $2 million. | Overruled |
| Worksheet for Proceeds to Series A and Common (C0002096) | DEFENDANTS' OBJECTION: Relevance, Rule 403. | PLAINTIFF'S RESPONSE: The sale price of GL Trade and to | Overruled |

| | | | |
|---|---|---|---|
| | Defendants recognize that under the Court's ruling to date with respect to the common count claim the document might become relevant. | whom the proceeds are to be paid is relevant to Plaintiff's claim for reasonable value of services. Specifically, FT Partners claims entitlement to a minimum fee on the transaction. Had GL Trade closed during the term of the Advisory Agreement or one-year after, the fee would have been closer to $2 million. | |
| GL-FNX Agreement of Merger (DL 1131 – 1336) | DEFENDANTS' OBJECTION: Relevance, hearsay, Rule 403. Defendants recognize that under the Court's ruling to date with respect to the common count claim the document might become relevant. | PLAINTIFF'S RESPONSE: This is nonhearsay legally operative language. The terms of the GL Trade-FNX merger are relevant to FT Partners' claim for reasonable value of services. | Overruled |

Dated: June 11, 2009

K&L GATES LLP
MATTHEW G. BALL

By: /s/
MATTHEW G. BALL
Attorneys for Plaintiff
FINANCIAL TECHNOLOGY
PARTNERS L.P.

Dated: June 11, 2009

DECHERT LLP
H. JOSEPH ESCHER III
D. CHRISTOPHER BURDETT

Dated: June 26, 2009

By: /s/
D. CHRISTOPHER BURDETT
Attorneys for Defendants
FNX LIMITED and FARID NAIB

IT IS SO ORDERED
Judge Jeffrey S. White

13479279.5.LITIGATION

- 11 -
JOINT OBJECTIONS TO PROPOSED EXHIBITS       C-07-01298 JSW