IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINANCIAL TECHNOLOGY PARTNERS L.P.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FNX LIMITED, FARID NAIB, and DOES 1-20<br><br>　　　　Defendants.　　　　　　　　／ | No. C 07-01298 JSW<br><br>**COURT'S INTENDED VOIR DIRE FOR PANEL** |

## STATEMENT OF THE CASE

This is an action for breach of contract brought by Plaintiff Financial Technology Partners, L.P., against its former client, Defendant FNX Limited and FNX's owner, Farid Naib. FT Partners contends that it is owed fees in connection with a written contract called the Advisory Agreement between it and FNX. Farid Naib guaranteed the obligations of FNX under that Advisory Agreement. The Advisory Agreement was entered into on September 12, 2002, and was terminated by FNX on March 6, 2004. The parties are not claiming that FT Partners breached the Advisory Agreement or that it was improper for FNX to terminate the agreement.

FT Partners claims that FNX breached the contract by failing to pay what FT Partners contends is a "delayed retainer", and failing to pay fees on three different transactions. The disputed fees are: $120,000 in fees for a bridge loan from Trident Capital to FNX; a $600,000 fee for an investment in FNX made by Conning Capital Partners and Lazard Technology

Partners; and a $750,000 fee for the sale of FNX to a company called GL Trade in 2007. FT Partners claims interest on all amounts which were not timely paid.

FNX claims that the Advisory Agreement does not require FNX to pay fees for these transactions, and that FT Partners expressly waived any right it had to collect fees. FNX also contends that FT Partners and FNX reached agreements after execution of the Advisory Agreement that extinguish any right to fees that FT Partners had for certain of the transactions.

## QUESTIONS FOR THE PANEL

1. Has any member of the panel heard or read anything about the case?
2. As I indicated, my name is Jeffrey S. White. Do any of you know me?
3. My courtroom deputy is Jennifer Ottolini and my Law Clerks are Daisy Salzman, Melissa Goldberg, and Kristin Ring. Do any of you know any of these people?
4. Plaintiff FT Partners will be represented at trial by Matthew G. Ball and Ramiz I. Rafeedie of the law offices of K&L Gates LLP. Defendants FNX Limited and Farid Naib will be represented at trial by H. Joseph Escher III and D. Christopher Burdett of the law firm of Dechert LLP. The parties may also call the following witnesses:

   • Steven McLaughlin
   • Timothy Wolfe
   • Jeff Wong
   • Farid Naib
   • Phillip Bell

   a) Do any of you know any of these persons?
   b) Have any of you had any business dealing with them or were represented by them?
   c) Have any of you had any other similar relationship or business connection with any of them?

5. Do you have any knowledge concerning the facts or events in this case?

2

6. Do you have any belief or feeling towards any of the parties, attorneys, or witnesses that might be regarded as bias or prejudice for or against any of them?

7. Do you have any interest, financial or otherwise, in the outcome of this case?

8. Have any of you ever served as a juror in a criminal or a civil case or as a member of a grand jury in either a federal or state court? If yes, please state the following:

   a) How many times?

   b) When?

   c) Were you a foreperson?

   d) What type of case was it?

   e) How did you feel about your jury service?

   g) Without stating the result, did the jury reach a verdict?

9. Have any of you ever had a job where you were paid based on a commission for sales?

10. Have any of you ever had a dispute about your own or your company's compensation based on whether someone was were entitled to a commission?

11. Do any of you think it is wrong or unfair to terminate a contract for economic reasons if the contract allows for such termination?

12. Would learning that FT Partners is sometimes referred to as an investment bank cause any of you difficulties in being fair to FT Partners?

13. Steven McLaughlin, one of the principal witnesses in the case and the head of FT Partners, at one time worked for Goldman Sachs. Would that fact cause any of you difficulties in being fair to FT Partners?

14. Is there anything else that you would like to bring to the Court's attention (e.g., health problems, hearing problems, difficulty understanding English, personal bias, financial problems, etc.) that might affect your ability to be an effective, fair and impartial juror?

///
///
///
///

3

15. Will you be able to be a fair an impartial juror to both sides involved in this case?

**IT IS SO ORDERED.**

Dated: June 30, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE