1

2

3

4

5

6                       IN THE UNITED STATES DISTRICT COURT

7

8                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    FINANCIAL TECHNOLOGY PARTNERS
     L.P.,
10                                                    No. C 07-01298 JSW
                        Plaintiff,
11
       v.
12                                                    **FINAL JURY INSTRUCTIONS**
     FNX LIMITED, FARID NAIB, and DOES 1-
13   20

14                      Defendants.
                                              /
15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**DUTY OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case.  I am also providing each of you with copies of these instructions for you to consult in the jury room if you find it necessary.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means you must decide the case solely on the evidence before you.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return – that is a matter entirely up to you.

1

**United States District Court**
For the Northern District of California

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which are received into evidence; and

3.      any facts to which the lawyers stipulate.

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.  Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they will say in their opening statements, in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.  Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.  Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

4.  Anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.  You are to decide the case solely on the evidence received at the trial.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1.     the opportunity and ability of the witness to see or hear or know the things testified to;

2.     the witness' memory;

3.     the witness' manner while testifying;

4.     the witness' interest in the outcome of the case and any bias or prejudice;

5.     whether other evidence contradicted the witness' testimony;

6.     the reasonableness of the witness' testimony in light of all the other evidence; and

7.     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**United States District Court**
For the Northern District of California

# BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**BURDEN OF PROOF - CLEAR AND CONVINCING EVIDENCE**


When a party has the burden of proving any claim or affirmative defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable.  Such evidence requires a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

**CORPORATIONS AND PARTNERSHIPS—FAIR TREATMENT**

All parties are equal before the law and a corporation or partnership is entitled to the same fair and conscientious consideration by you as any party.

United States District Court

For the Northern District of California

**LIABILITY OF CORPORATIONS—SCOPE OF AUTHORITY NOT IN ISSUE**

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

1

2

**SCOPE OF AUTHORITY DEFINED**

3

        An agent is acting within the scope of authority if the agent is engaged in the

4

performance of duties which were expressly or impliedly assigned to the agent by the principal.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**ACT OF AGENT IS ACT OF PRINCIPAL—SCOPE OF**

**AUTHORITY NOT IN ISSUE**

Any act or omission of an agent within the scope of authority is the act or omission of the principal.

# LIMITED PARTNERSHIP—DEFINITION

A limited partnership is an association of two or more persons to carry on a business as co-owners.  The members of a partnership are called partners.

**LIMITED PARTNERSHIP—SCOPE OF**

**PARTNERSHIP BUSINESS DEFINED**

A limited partner is acting within the scope of the partnership business when doing anything which is either expressly or impliedly authorized by the partnership or which is in furtherance of the partnership business.

**LIMITED PARTNERSHIP—ACT OF**

**PARTNER IS ACT OF ALL PARTNERS**


An act or omission of a partner within the scope of the partnership business is the act or omission of all partners.

### BREACH OF CONTRACT

FT Partners claims that it and FNX entered into a contract for financial advisory services.

FT Partners claims that FNX breached this contract by failing to pay money owed pursuant to the contract.

FNX denies that it owes any money to FT Partners pursuant to the contract.

FNX also claims that FT Partners waived any right it may have had under the contract.

**BREACH OF CONTRACT—ESSENTIAL FACTUAL ELEMENTS.**

To recover damages from FNX for breach of contract, FT Partners must prove all of the following:

1.      That FT Partners and FNX entered into a contract;

2.      That FT Partners did all, or substantially all, of the significant things that the contract required it to do;

3.      That all conditions required by the contract for FNX's performance had occurred;

4.      That FNX failed to do something that the contract required it to do; and

5.      That FT Partners was harmed by that failure.

## INTERPRETATION—DISPUTED TERMS.

FT Partners and FNX dispute the meaning of the following clause contained in their contract:

> Our services may be terminated by you or us at any time with or without cause effective upon receipt of written notice to that effect.  We will be entitled to the applicable transaction success fee set forth above in the event that at any time prior to the expiration of one year after such termination an agreement is entered into with respect to a sale of all or a portion of the stock or assets of the Company which is eventually consummated; provided, however, that upon the sale of the Company as described herein, the fee paid to FT Partners shall never, under any circumstance, including those described in this paragraph, be less than $750,000.

FT Partners claims that this clause means that FT Partners is entitled to $750,000 for the sale of FNX to GL Trade even though the sale happened more than one year after FNX terminated the contract.

FNX claims that the clause means that FT Partners would have been entitled to a minimum fee of $750,000 only in the event that the sale of FNX to GL Trade had occurred within one year after FNX terminated the contract.

The parties also dispute whether this provision means that FT Partners is entitled to a 6% fee on private capital raised by FNX within one year after the termination of the agreement. FT Partners contends that this provision means that it is entitled to a 6% fee on private capital raised by FNX within one year after termination of the agreement.  FNX contends that this provision does not apply to private capital raised within one year after termination of the agreement, but only applies to a sale of FNX's common stock or assets occurring within one year after termination of the agreement.

FT Partners and FNX also dispute the meaning of the following term contained in their contract:

> Our customary fees for raising private capital are 6.0% of the amount raised and, to the extent FT Partners is involved in any subsequent financing transaction, will be paid to FT Partners at the time funds are received by the Company from the Investors.

FT Partners claims that the contract language "to the extent FT Partners is involved" should be interpreted to require FNX to pay a 6% fee for the investment by Conning Capital Partners and Lazard Technology Partners.  FT Partners also contends that the term "raising private capital" entitles it to a 6% fee for the Trident Capital bridge loan.

United States District Court

For the Northern District of California

1    FNX claims that the language "to the extent FT Partners is involved" should be

2 interpreted to require greater involvement by FT Partners on a transaction than occurred with

3 respect to the investment by Conning Capital Partners and Lazard Technology Partners.  FNX

4 also claims that the term "raising private capital" does not apply to the bridge loan at issue here.

6    FT Partners and FNX also dispute the meaning of the following clause contained in their

7 contract:

> FT Partners agrees to waive any upfront or monthly retainer fees; provided, however, that if (i) the Company has not consummated a sale transaction within one year of the date of this letter and (ii) the Company has completed and investment of at least $2.5 million (the "Minimum Investment")the Company shall pay FT Partners $100,000 due and payable at FT Partners' option in either (i) cash or (ii) securities similar to those in the Minimum Investment.

FT Partners claims that this contract language acts as a "delayed retainer" and entitles

FT Partners to $100,000 in the event that $2.5 million is invested in FNX, so long as FNX has

not consummated a sale transaction within one year of the date of the signing of the Advisory

Agreement, and further claims that that the investment by Conning Capital Partners and Lazard

Technology Partners, and the failure of FNX to consummate a sale transaction within one year

triggered an obligation to pay such a "delayed retainer."

FNX claims that in order for FT Partners to receive $100,000, a $2.5 million "minimum

investment" had to have been completed in one year from the date of signing the Advisory

Agreement, and since no such investment was made within one year, that FNX's obligation to

pay the $100,000 never arose.

For each of these disputed terms and provisions, FT Partners must prove that its

interpretation of the term is correct.

In deciding what the terms of a contract mean, you must decide what the parties

intended at the time the contract was created.

You may consider the usual and ordinary meaning of the language used in the contract

as well as the circumstances surrounding the making of the contract.

The following instructions may also help you interpret the terms of the contract:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

**INTERPRETATION—MEANING OF TECHNICAL WORDS.**

You should assume that the parties intended technical words used in the contract to have the meaning that is usually given to them by people who work in that technical field, unless you decide that the parties clearly used the words in a different sense.

**INTERPRETATION—CONSTRUCTION OF CONTRACT AS A WHOLE.**

In deciding what the words of a contract meant to the parties, you should consider the whole contract, not just isolated parts.  You should use each part to help you interpret the others, so that all the parts make sense when taken together.

United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**INTERPRETATION—CONSTRUCTION BY CONDUCT**

In deciding what the words in a contract meant to the parties, you may consider how the parties acted after the contract was created but before any disagreement between the parties arose.

**INTERPRETATION—CONSTRUCTION AGAINST DRAFTER.**

In determining the meaning of a term of the contract, you must first consider all of the other instructions that I have given you.  If, after considering these instructions, you still cannot agree on the meaning of the term, then you should interpret the contract term against the party that drafted the term or caused the uncertainty.

United States District Court

For the Northern District of California

1

2

**BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING—ESSENTIAL FACTUAL ELEMENTS.**

3

4     In every contract or agreement there is an implied promise of good faith and fair

5  dealing. This means that each party will not do anything to unfairly interfere with the right of

6  any other party to receive the benefits of the contract; however, the implied promise of good

7  faith and fair dealing cannot create obligations that are inconsistent with the terms of the

8  contract. To the extent you find that the Advisory Agreement allows for FT Partners to recover

9  any of the sums it seeks under its breach of contract claim, you may not award FT Partners

10  duplicative sums of money under its claim for breach of the implied covenant of good faith and

11  fair dealing.   FT Partners claims that FNX violated the duty to act fairly and in good faith. To

12  establish this claim, FT Partners must prove all of the following:

13     1.     That FT Partners and FNX entered into a contract;

14     2.     That FT Partners did all, or substantially all of the significant things that the

15  contract required it to do;

16     3.     That all conditions required for FNX performance had occurred;

17     4.     That FNX unfairly interfered with FT Partners' right to receive the benefits of

18  the contract; and

19     5.     That FT Partners was harmed by FNX conduct.

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

1

2

### AFFIRMATIVE DEFENSE—WAIVER.

3      FNX claims that it does not have to pay FT Partners because FT Partners gave up its

4 right to receive payment under the contract.  This is called a "waiver."

5      To succeed, FNX must prove both of the following by clear and convincing evidence:

6      1.      That FT Partners knew FNX was required to pay FT Partners; and

7      2.      That FT Partners freely and knowingly gave up its right to have FNX pay it

8 pursuant to the contract.

9      A waiver may be oral or written or may arise from conduct that shows that FT Partners

10 gave up that right.

11      If FNX proves that FT Partners gave up its right to payment by FNX, then FNX was not

12 required to perform these obligations.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**AFFIRMATIVE DEFENSE—WAIVER OF INTEREST.**

FNX claims that it does not have to pay interest on fees owing to FT Partners because FT Partners gave up its right to receive interest on such fees at the time the asserted obligations were due.  This is called a "waiver."

To succeed, FNX must prove both of the following by clear and convincing evidence:

1.      That FT Partners knew FNX was required to pay interest to FT Partners; and

2.      That FT Partners freely and knowingly gave up its right to have FNX pay FT Partners interest pursuant to the contract.

A waiver may be oral or written or may arise from conduct that shows that FT Partners gave up that right.

If FNX proves that FT Partners gave up its right to payment by FNX, then FNX was not required to perform these obligations.

United States District Court
For the Northern District of California

28

**INTRODUCTION TO CONTRACT DAMAGES.**

If you decide that FT Partners has proved its claim against Defendants FNX and Naib for breach of contract, you also must decide how much money will reasonably compensate FT Partners for the harm caused by the breach. This compensation is called "damages." The purpose of such damages is to put FT Partners in as good a position as it would have been if FNX had performed as promised.

To recover damages for any harm, FT Partners must prove:

1.     That the harm was likely to arise in the ordinary course of events from the breach of the contract; or

2.     That when the contract was made, both parties could have reasonably foreseen the harm as the probable result of the breach.

FT Partners also must prove the amount of its damages according to the following instructions. It does not have to prove the exact amount of damages. You must not speculate or guess in awarding damages.  FT Partners claims damages for no less than $1,570,000.00.

1

**OBLIGATION TO PAY MONEY ONLY.**

2

3          To recover damages for the breach of a contract to pay money, FT Partners must prove

4   the amount due under the contract.

United States District Court

For the Northern District of California

## COMMON COUNT FOR GOODS AND SERVICES

FT Partners claims the following sums under the Advisory Agreement in its breach of contract claim: (1) $600,000 for the Conning-Lazard transactions; (2) $120,000 for the Trident bridge loan; (3) a $100,000 "delayed retainer" payment; (4) $750,000 for the GL Trade transaction; and (5) interest on the unpaid sums.

In the alternative, FT Partners claims that FNX owes it money for services rendered. To the extent you find that the Advisory Agreement allows for FT Partners to recover any of the sums it seeks under its breach of contract claim, you may not award FT Partners duplicative sums of money under its claim for services rendered relating to that claim. For example, if you find that the Advisory Agreement allows FT Partners to recover money for the Conning-Lazard transactions, you may not award any sums to FT Partners for it services in connection with the Conning-Lazard transactions under the claim for services rendered. However, if you find that the FT Partners is not entitled under the Advisory Agreement to recover the sums FT Partners' seeks, you may award FT Partners money for services rendered assuming that FT Partners proves all of the following:

1.      That FNX requested, by words or conduct, that FT Partners perform services for the benefit of FNX;

2.      That FT Partners performed the services as requested;

3.      That FNX has not paid FT Partners for the service; and

4.      The reasonable value of the services that were provided.

**DAMAGES—PROOF**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on the plaintiff's breach of contract claim, breach of the covenant of good faith and fair dealing claim or claim for common count of goods and services rendered, you must determine the plaintiff's damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any breach of contract by the defendant.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**ELECTION OF FOREPERSON – SPECIAL VERDICT**

Upon retiring to the jury room, you will select one of your number to act as your foreperson.  The foreperson will preside over your deliberations, and will be your spokesperson here in Court.  A form of Special Verdict has been prepared for your convenience.  You will take this form to the jury room.

The answer to each question must be the unanimous answer of the jury.  Your foreperson will write the unanimous answer of the jury in the space provided below each question.  When you have finished the Special Verdict form, your foreperson will sign and date it, and advise the court that you are ready to return to the courtroom.

**DUTY TO DELIBERATE**

You shall discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**USE OF NOTES**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk or court security officer, signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

United States District Court

For the Northern District of California

36

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached a unanimous verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

United States District Court

For the Northern District of California