IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINANCIAL TECHNOLOGY PARTNERS L.P., <br><br> Plaintiff, <br><br> v. <br><br> FNX LIMITED, FARID NAIB, and DOES 1-20 <br><br> Defendants. | No. C 07-01298 JSW <br><br> **ORDER REGARDING PREJUDGMENT INTEREST** |

Now before the Court is the issue of whether to award plaintiff Financial Technology Partners, L.P. ("FT Partners") prejudgment interest. The jury awarded FT Partners: (1) $120,000 on its breach of contract claim regarding defendant FNX Limited ("FNX")'s obligation to pay fees in connection with the Trident Capital financing; (2) $100,000 on its breach of contract claim regarding FNX's obligation to pay a delayed retainer; (3) $400,000 for FNX's breach of the implied covenant of good faith and fair dealing by failing to pay a fee in connection with the Conning-Lazard transaction; and (4) $200,000 under the common count claim for the reasonable value of FT Partners' services in connection with the sale of FNX to GL Trade. FT Partners seeks prejudgment interest on all of these claims.

In this diversity action, California law governs the award or denial of prejudgment interest. *Safeway Stores, Inc. v. Nat'l Union Fire Ins. Co.*, 64 F.3d 1282, 1291 (9th Cir. 1995). California Civil Code section 3287 provides in pertinent part:

>    (a) Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt. ...
>    (b) Every person who is entitled under any judgment to receive damages based upon a cause of action in contract where the claim was unliquidated, may also recover interest thereon from a date prior to the entry of judgment as the court may, in its discretion, fix, but in no event earlier than the date the action was filed.

Cal. Civ. Code § 3287.

The Advisory Agreement provides an interest rate of two percent per month for all unpaid fees under the agreement. The parties have reached an agreement that interest on the jury's $100,000 delayed retainer award should accrue from August 30, 2004 at the rate of two percent per month.[1] The parties have not been able to agree on whether prejudgment interest is owed, and if so, when it began to accrue, on the other claims awarded by the jury. The Court will address each of the other three claims in turn.

### A.   The Award in Connection with the Trident Capital Financing.

FT Partners contends it should be awarded prejudgment interest on the award of $120,000 for FNX's breach of the Advisory Agreement to pay fees in connection with the Trident Capital financing starting on July 1, 2003. It is undisputed that FT Partners is entitled to prejudgment interest under the Advisory Agreement for this claim pursuant to California Civil Code section 3287(a). FNX merely disputes the timing of when the prejudgment interest should begin to accrue. Under section 3287(a), a plaintiff is entitled to prejudgment interest from the date the right to recover damages is vested "except during such time as the debtor is

---

[1] In a footnote, FNX asks the Court to reconsider its ruling that the interest provision in the Advisory Agreement is enforceable because FNX failed to demonstrate that the interest rate was unreasonable pursuant to California Civil Code § 1671. A party moving for reconsideration must first seek leave of the court to file such a motion and must specifically demonstrate: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought; or (2) the emergence of new material facts or change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order. Civil L.R. 7-9(a) and (b); *see also School District No. 1J v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). FNX failed to seek leave of court and also failed to make the requisite showing that reconsideration is warranted. Therefore, the Court declines to reconsider this issue.

2

prevented by law, or by the act of the creditor from paying the debt." Cal. Civ. Code § 3287(a). FNX does not argue that it was prevented by law or the act of FT Partners from paying the fees owed. Instead, FNX argues that FT Partners waived its right to collect prejudgment interest until it filed this lawsuit by generally deferring payment from FNX at "various points in time." FNX fails to demonstrate the specific time period or periods during which FT Partners deferred receiving its fees on the Trident Capital financing. Moreover, even if FNX had made a sufficient factual showing, FNX fails to provide any authority demonstrating that the Court may delay the accrual of prejudgment interest for a reason other those provided by the statute. Therefore, the Court finds that the contractual prejudgment interest amount of two percent per month began accruing on the Trident Capital financing fees on July 1, 2003.

**B.     The Award in Connection with the Conning-Lazard Transaction.**

FT Partners contends that it should be awarded prejudgment interest under the Advisory Agreement on the award of $400,000 for FNX's breach of the implied covenant of good faith and fair dealing by failing to pay a fee in connection with the Conning-Lazard transaction. FT Partners argued to the jury that it was entitled to a fee of $600,000 under the Advisory Agreement for the Conning-Lazard transaction. The jury rejected FT Partners' claim that FNX breached the Advisory Agreement for failing to pay this fee. Instead, the jury awarded FT Partners $400,000 under the theory that FNX breached the implied covenant of good faith and fair dealing.

FT Partners contends that the fact that the jury awarded it less than the amount it argued it was owed under the Advisory Agreement does not alter the fact that the damages were calculable and readily ascertainable under Cal. Civ. Code § 3287(a). "Under section 3287(a), damages are considered certain or capable of being made certain 'where there is essentially no dispute between the parties concerning the basis of computation of damages if any are recoverable but where their dispute centers on the issue of liability giving rise to damage.'" *Safeway Stores*, 64 F.3d at 1291 (quoting *Fireman's Fund Ins. Co. v. Allstate Ins. Co.*, 234 Cal. App. 3d 1154, 1173 (1991)). Here, FT Partners argued that it was owed a fee of six percent of

3

1  $10,000,000, amounting to $600,000. It is not clear how the award of $400,000 was calculated
2  and FT Partners does not proffer any explanation.

3  FT Partners' relies on a Fifth Circuit case applying California law in support of its
4  argument. However, its reliance is misplaced. In *Bott v. American Hydrocarbon Corp.*, 458
5  F.2d 229 (5th Cir. 1972), the court reiterated the legal standard that both the amount and the
6  time the amount is due must be certain or capable of being made certain by calculation. *Id*. at
7  232. Moreover, the court noted that if the amount due is calculable from fixed data,
8  prejudgment interest is recoverable. *Id*. In that case, uncontested evidence demonstrated that
9  the plaintiff was entitled to a salary of $20,000 prior to July 1, 1964 and $21,000 after that date.
10 Although the plaintiff claimed that he had not been paid at all during 1964 and 1965, his income
11 tax returns for those years reported wages he received. Therefore, "[t]he jury was not called
12 upon to calculate a disputed wage rate but to decide how may payments at the predetermined
13 rate were not made." *Id*. Accordingly, the court found that the amount due was calculable. *Id*.
14 In contrast here, as explained above, it is not clear how the award of $400,000 was calculated or
15 calculable. The Court, thus finds that prejudgment interest is not recoverable pursuant to
16 section 3287(a).

17 Section 3287(b) "create[s] a limited exception to the prevailing general rule that
18 prejudgment interest is not allowed on unliquidated obligations. ...The usual prohibition against
19 such interest is based upon the rationale that it is unreasonable to expect a defendant to pay a
20 debt before he or she becomes aware of it or is able to compute its amount. ... By allowing an
21 award of prejudgment interest, but only for a limited time period and only if the trial court finds
22 it reasonable in light of the factual circumstances of a particular case, Civil Code section 3287,
23 subdivision (b), seeks to balance the concern for fairness to the debtor against the concern for
24 full compensation to the wronged party." *See Lewis C. Nelson & Sons, Inc. v. Clovis Unified*
25 *School Dist.*, 90 Cal. App. 4th 64, 69 (2001) (internal citations omitted). Courts may decline to
26 award prejudgment interest if the plaintiff has already been awarded damages in excess of what
27 would have made the plaintiff whole on the date of the breach. *In re Pago Pago Aircrash*, 525
28 F. Supp. 1007, 1015 (C.D. Cal. 1981); *see also First Nat. Mortg. Co. v. Federal Realty Inv.*

4

*Trust*, -- F. Supp. 2d. --, 2009 WL 1606468, *17 (N.D. Cal. June 9, 2009) (declining to award discretionary prejudgment interest where the plaintiff was entitled to prejudgment interest on the majority of its damages at a rate of ten percent, which was "significantly higher" than the market rates during the litigation period). Here, FT Partners is entitled to prejudgment interest at the rate of two percent per month, or twenty-four percent annually, on two of its four claims. It would be an understatement to say that this interest rate is significantly higher than the market rates were during the time of the dispute between the parties. In light of the incredibly high interest rate FT Partners will receive on half of its claims, the Court finds that awarding prejudgment interest on damages in connection with the Conning-Lazard transaction is not necessary to fully compensate FT Partners. Therefore, the Court in its discretion declines to award prejudgment interest under section 3287(b).

### C. The Award in Connection with the Sale of FNX to GL Trade.

FT Partners also contends that it should be awarded prejudgment interest under the Advisory Agreement on the award of $200,000 under the common count claim for the reasonable value of FT Partners' services in connection with the sale of FNX to GL Trade. FT Partners argues that under the Advisory Agreement, FNX owed it $750,000 for the GL Trade transaction. However, the jury rejected FT Partners' breach of contract claim and, instead, awarded FT Partners $200,000 under its common count claim for the reasonable value of FT Partners' services. Again, under section 3287(a), prejudgment interest is recoverable only if the damages are considered certain or capable of being made certain, *i.e.* "where there is essentially no dispute between the parties concerning the basis of computation of damages." *See Safeway Stores*, 64 F.3d at 1291 (quoting *Fireman's Fund Ins. Co.*, 234 Cal. App. 3d at 1173). Here, FT Partners does not provide any explanation as to how the damage award of $200,000 was certain or capable of being made certain. Therefore, FT Partners' is not entitled to prejudgment interest under section 3287(a).

In light of the twenty-four percent interest rate per year FT Partners will receive on half of its claims, the Court finds that awarding prejudgment interest on damages in connection with

the GL Trade transaction is not necessary to fully compensate FT Partners. Therefore, the Court in its discretion declines to award prejudgment interest under section 3287(b).

## CONCLUSION

For the foregoing reasons, the Court awards FT Partners interest of two percent per month starting from August 30, 2004 on its delayed retainer award and starting on July 1, 2003 on its award for the Trident Capital financing fees. The Court declines to award discretionary prejudgment interest pursuant to California Civil Code section 3287(b) on FT Partners' other two awards.

**IT IS SO ORDERED.**

Dated: September 25, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE