IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FINANCIAL TECHNOLOGY PARTNERS L.P.,

    Plaintiff,

v.

FNX LIMITED, FARID NAIB, and DOES 1-20

    Defendants.

No. C 07-01298 JSW

**ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW**

Now before the Court is the motion for judgment as a matter of law filed by defendants FNX Limited ("FNX") and Farid Naib (collectively, "Defendants"). Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, the Court hereby grants Defendants' motion.

## BACKGROUND

In September 2002, the parties executed a Financial Advisory Agreement ("Agreement") under which plaintiff Financial Technology Partners, L.P. ("FT Partners") provided FNX with financial and strategic advice regarding the possible sale of all or a portion of FNX. FNX terminated the Agreement in March 2004. FT Partners alleged that FNX breached the Agreement by failing to pay for services rendered in connection with the following transactions: (1) in June 2003, FNX obtained $2 million in convertible debt financing from Trident Capital;

(2) in September 2004, FNX received $10 million in funding from Conning Capital Partners and Lazard Technology Partners in exchange for FNX stock; and (3) in January 2007, GL Trade

agreed to acquire FNX. FT Partners further alleged that Defendants failed to pay it a delayed retainer.

At trial, FT Partners asserted a breach of contract claim for these alleged breaches. In the alternative, FT Partners also asserted a claim for breach of the implied covenant of good faith and fair dealing and a common count claim for goods and services. The jury awarded FT Partners $120,000 on its breach of contract claim regarding FNX's obligation to pay fees in connection with the Trident Capital financing and $100,000 on its breach of contract claim regarding FNX's obligation to pay a delayed retainer. Although the jury rejected FT Partner's breach of contract claim regarding the Conning-Lazard transaction and the sale of FNX to GL Trade, the jury awarded FT Partners $400,000 for FNX's breach of the implied covenant of good faith and fair dealing by failing to pay a fee in connection with the Conning-Lazard transaction and $200,000 under the common count claim for the reasonable value of FT Partners' services in connection with the sale of FNX to GL Trade. Defendants now move for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b) on the jury's award under the breach of implied covenant of good faith and fair dealing and the common count for goods and services. The Court shall address additional facts as necessary to its analysis in the remainder of this Order.

**ANALYSIS**

**A.     Applicable Legal Standards.**

A party suffering an adverse verdict that moved for a judgment as a matter of law prior to the verdict, "may renew its request for judgment as a matter of law by filing a motion no later than 10 days after entry of judgment." Fed. R. Civ. P. 50(b). "Judgment as a matter of law is proper if the evidence, construed in the light most favorable to the non-moving party, allows only one reasonable conclusion, and that conclusion is contrary to that reached by the jury." *Acosta v. City and County of San Francisco*, 83 F.3d 1143, 1145 (9th Cir. 1996). In ruling on Defendants' motion, the Court must determine whether the evidence, when construed in the light most favorable to FT Partners, "permits only one reasonable conclusion, and that conclusion is contrary the jury's verdict." *Josephs v. Pacific Bell*, 443 F.3d 1050, 1062 (9th

Cir. 2006); *see also Johnson v. Paradise Valley Unified School Dist.*, 251 F.3d 1222, 1226-27 (9th Cir. 2001). In ruling on the motion, the Court cannot make credibility determinations, weigh evidence, or draw inferences from the facts. *Johnson*, 251 F.3d at 1227.

**B.     Breach of Implied Covenant of Good Faith and Fair Dealing Award.**

Defendants argue that FT Partners, pursuant to the implied covenant of good faith and fair dealing, impermissibly seeks to impose obligations beyond those to which the parties actually agreed. *See Guz v. Bechtel Nat'l. Inc.*, 24 Cal.4th 317, 349-350 (2000) (implied covenant "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement"). FT Partners relies on a footnote in *Guz* in which the California Supreme Court stated that "the covenant might be violated if termination of an at-will employee was a mere pretext to cheat the worker out of another contract benefit to which the employee was clearly entitled, such as compensation already earned." *Id*. at 353 n.18. FT Partners' theory on its breach of implied covenant claim was that FNX terminated the Agreement in bad faith in order to avoid paying fees on the Conning-Lazard transaction.

It is undisputed that under the Agreement, either party was authorized to terminate the Agreement at any time without any cause. The Court need not determine whether and under what circumstances the implied covenant may prohibit a party from doing what is permitted expressly by a contract. Both parties agree that, at a minimum, FNX was obligated to pay FT Partners for transactions completed within one year of the Agreement being terminated. FT Partners argued, and FNX disputed, whether the "tail provision" of the Agreement also required FNX to pay for transactions completed *after* this one year period. However, the Conning-Lazard transaction was completed within one year of the Agreement being terminated. (Supplemental Declaration of Christopher Burdett, Ex. D (transcript at 291:11-16).) Therefore, even if the jury agreed with FNX's interpretation of the agreement, the Conning-Lazard transaction fell within this one-year period. Thus, it is not clear how terminating the Agreement could have been done in bad faith to avoid paying FT Partners fees on this transaction. FT Partners failed to submit evidence, construed in the light most favorable to it, that would be

1  sufficient to allow a reasonable juror to conclude that FNX terminated the Agreement to avoid
2  paying fees on the Conning-Lazard transaction. Accordingly, the Court grants Defendants'
3  motion on the jury award relating to the Conning-Lazard transaction.

4  **C.    Common Count for Goods and Services.**

5  Defendants argue that the jury's award of damages under the common count claim is
6  improper as a matter of law because there was an enforceable contract which governed the
7  parties' relationship and dealings. "A common count is proper whenever the plaintiff claims a
8  sum of money due, either as indebtedness in a sum certain, or for the reasonable value of
9  services, goods, etc., furnished." *Kawasho Internat'l.*, 152 Cal. App. 3d 785, 783 (1983).

10  "A quantum meruit or quasi-contractual recovery rests upon the equitable theory that a
11  contract to pay for services rendered is implied by law for reasons of justice. ... However, it is
12  well settled that there is no equitable basis for an implied-in-law promise to pay reasonable
13  value when the parties have an actual agreement covering compensation." *See Hedging*
14  *Concepts, Inc. v. First Alliance Mortgage Co.*, 41 Cal. App. 4th 1410, 1419 (1996) (internal
15  citations omitted); *see also Total Coverage, Inc. v. Cendant Settlement Services Group*, 252
16  Fed. Appx. 123, 125-26 (9th Cir. 2007) (the plaintiff "cannot state claims for *quantum meruit*,
17  unjust enrichment, or promissory estoppel because the parties' respective rights were set out in
18  the written Agreement to Negotiate. Under California law, an action in quasi-contract does not
19  lie when an enforceable, binding agreement exists defining the rights of the parties.") (internal
20  quotation marks and citation omitted). FT Partners has not submitted any authority to the
21  contrary. The fact that the Court allowed FT Partners to plead in the alternative and present
22  alternative counts to the jury does not mean that if the jury found that the Agreement was
23  enforceable, FT Partners could recover under its common count claim on transactions which the
24  jury found FNX did not breach the Agreement. Here, it is undisputed that the parties were
25  subject to an enforceable agreement governing FT Partners' provision of financial and strategic
26  advice regarding the possible sale of all or a portion of FNX. Whether there was doubt as to
27  whether FNX actually breached the Agreement for failing to pay FT Partners on the sale to GL
28  Trade more than one year after the Agreement was terminated does not mean that the

4

1 Agreement did not define the existing rights of the parties with respect to this transaction.
2 Therefore, as a matter of law, the jury's award on FT Partners' common count for goods and
3 services under a theory of quantum meruit or a quasi-contract, was not permissible.

4      In opposition to FNX's motion, FT Partners argues that common count claims are also
5 allowed "if the plaintiff owes no further performance under the contract, and nothing remains to
6 be done thereunder except the payment of money by the defendant." (Opp. at 2.) FT Partners
7 cites to *Ferro v. Citizens of National Trust and Savings Bank of Los Angeles*, 44 Cal. 2d 401
8 (1955), in support of this argument. In *Ferro*, the California Supreme Court held that the
9 general rule, that a common count "will not lie to enforce an express contract[,] ... does not
10 apply if the plaintiff owes no further performance under the contract and nothing remains to be
11 done thereunder except the payment of money by the defendant. Payment can then be
12 recovered under a complaint stating a common count for money had and received." *Id*. at 409.
13 "The essential elements of an action for money and/or goods had and received are (1) a
14 statement of indebtedness of a certain sum, (2) the consideration made by the plaintiff, and (3)
15 nonpayment of the debt." *First Interstate Bank v. State of California*, 197 Cal. App.3d 627, 635
16 (1987).

17      This is the first time FT Partners has presented this theory of recovery to the Court.
18 Fatal to FT Partners' belated argument is that the jury instructions it proposed, and that were
19 submitted to the jury, did not include this theory of recovery. FT Partners' jury instructions
20 provided that it needed to prove the following elements in support of its common count claim:

21     1.    That FNX requested, by words or conduct, that FT Partners perform services for the benefit of FNX;
22     2.    That FT Partners performed the services as requested;
    3.    That FNX has not paid FT Partners for the service; and
23     4.    The reasonable value of the services that were provided.

24 (Docket No. 126.) These jury instructions relate to a claim under a quantum meruit or quasi-
25 contractual theory. These instructions do not contain the elements essential to a common count
26 claim for money and/or goods had and received. FT Partners cannot defend a jury verdict on a
27 theory that was not even presented to the jury. Therefore, the Court grants Defendants' motion
28 for judgment as a matter of law on this claim.

5

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendants' motion for judgment as a matter of law.

**IT IS SO ORDERED.**

Dated: November 13, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE