IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FINANCIAL TECHNOLOGY PARTNERS L.P.,

    Plaintiff,

v.

FNX LIMITED, FARID NAIB, and DOES 1-20

    Defendants.

No. C 07-01298 JSW

**ORDER REGARDING PARTIES' BILL OF COSTS**

Upon review of the parties additional submissions, the Court finds that neither party has prevailed in this action and, thus, and orders the parties to bear their own costs pursuant to Federal Rule of Civil Procedure 54(d). *See Howell Petroleum Corp. v. Samson Res. Co.*, 903 F.2d 778, 783 (10th Cir.1990) ("The court was within its discretion to refuse to award costs to a party which was only partially successful.") (cited with approval in *Champion Produce v. Ruby Robinson Co.*, 324 F.3d 1016, 1023 (9th Cir. 2003)). Ultimately, Plaintiff was only awarded damages on two of the four transactions at issue and under only one of its three theories of recovery. Moreover, the actual damage amount Plaintiff was awarded, including prejudgment interest, was only a small fraction of what it initially sought in this litigation. Therefore, Plaintiff will not be awarded its costs incurred before the offer proffered under Federal Rule of Civil Procedure 68 ("Rule 68").

However, pursuant to Rule 68, because Plaintiff rejected a Rule 68 offer in excess of the judgment it ultimately obtained, Plaintiff must bear Defendants' post-offer costs. *See*

1  *Champion Produce*, 324 F.3d at 1026 ("A plaintiff that rejects a Rule 68 offer in excess of the
2  judgment ultimately obtained at trial must bear its own and the defendant's post-offer costs.").
3  "The award is mandatory; Rule 68 leaves no room for the court's discretion." *United States v.*
4  *Trident Seafoods Corp.,* 92 F.3d 855, 859 (9th Cir.1996). Therefore, pursuant to Rule 68, the
5  Court HEREBY AWARDS Defendants' post-offer costs of $3,687.83.

**IT IS SO ORDERED.**

Dated: January 7, 2010

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE